For the foregoing reasons, the petition for review is DENIED.

**LI XIN YANG, Petitioner–Appellant,**

v.

**BOARD OF IMMIGRATION APPEALS, Respondent–Appellee.**

**No. 04–0670–AG NAC.**

United States Court of Appeals, Second Circuit.

Nov. 22, 2005.

Gary J. Yerman, New York, New York, for Petitioner.

Karin J. Immergut, United States Attorney for the District of Oregon, John C. Laing, Assistant United States Attorney, Portland, Oregon, for Respondent.

Present: CABRANES, WESLEY, and HALL, Circuit Judges.

**SUMMARY ORDER**

UPON DUE CONSIDERATION of this petition for review of the Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition is DENIED.

Li Xin Yang, through counsel, petitions for review of the BIA's denial of a motion to reopen the BIA decision affirming the Immigration Judge's ("IJ") decision denying his application for asylum and withholding of removal. We assume the parties' familiarity with the underlying facts and procedural history.

A motion to reopen "asks that the proceedings be reopened for new evidence

and a new decision, usually after an evidentiary hearing." *Zhao v. U.S. DOJ*, 265 F.3d 83, 90 (2d Cir.2001). An alien is limited to one motion to reopen exclusion or deportation proceedings. *See* 8 U.S.C. § 1229a (c)(7)(A) (2005); 8 C.F.R. § 1003.2(c)(2) (2005). This motion must be filed within ninety days of the final administrative decision. 8 U.S.C. § 1229a (c)(7)(C) (2005); 8 C.F.R. § 1003.2(c)(2) (2005). A motion that does not comply with these time and numerical limitations can only be brought where the alien can establish "changed country conditions arising in the country of nationality...." 8 U.S.C. § 1229a (c)(7)(C)(ii) (2005); 8 C.F.R. § 1003.2(c)(3)(ii) (2005). Such a motion to reopen shall not be granted unless it appears that the evidence offered "is material and was not available and could not have been discovered or presented" at the previous hearing. 8 C.F.R. § 1003.2(c)(1). Pursuant to 8 C.F.R. § 1003.2(a), the BIA also has discretionary authority to reopen a case on its own motion. "Where an alien has filed an untimely motion to reopen ... the burden of proof ... shifts to the alien to demonstrate that an exceptional situation exists that warrants reopening by the [BIA] on its own motion." *In re Beckford*, 22 I & N Dec. 1216, 2000 WL 41584 (BIA 2000).

In the present case, it is undisputed that the petitioner's motion to reopen was not timely, as it does not fall within any of the enumerated exceptions. The BIA would have therefore been well within its discretionary authority to deny the motion; however, it fully addressed the merits of the motion. The burden therefore shifted to Yang to demonstrate exceptional circumstances that would warrant *sua sponte* reopening of his case. *See id.* The BIA uses its *sua sponte* authority "sparingly", in "truly exceptional situations." *In re G–D–*, 22 I & N Dec. 1132, 1133–34, 1999 WL 1072237 (BIA 1999); *accord Guan Shan*

*Liao v. U.S. Dep't of Justice*, 293 F.3d 61, 72–73 (2d Cir.2002). In support of his motion, Yang argued that three recent Second Circuit holdings and BIA decisions justified excusing the motion's tardiness and granting the motion to reopen. In order for change in the law to qualify as an exceptional situation that merits the exercise of discretion by the BIA to reopen a case *sua sponte,* the change must be fundamental in nature and not merely an incremental development in the state of the law. *In re G–D–,* 22 I & N Dec. 1132, 1999 WL 1072237 (BIA 1999).

Yang contended that *Secaida–Rosales v. INS,* 331 F.3d 297 (2d Cir.2003), *Qiu v. Ashcroft,* 329 F.3d 140 (2d Cir.2003), and *In re Y–T–L,* 23 I & N Dec. 601, 2003 WL 21206539 (BIA 2003) fundamentally changed existing relevant law and therefore provided a basis to reopen his case. However, since each case applied and clarified existing law with respect to the particular facts at hand, which are not similar to Yang's case, they did not establish fundamental changes in the law, and the BIA did not therefore abuse its discretion in denying Yang's motion to reopen. Because the BIA was clearly within its discretion to deny Yang's untimely motion to reopen based on failure to demonstrate fundamental changes in relevant law, it also did not abuse its discretion in finding that Yang failed to show that the results of his case would be changed if proceedings were reopened based on those changes.